IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09CV28-1-MU

| | |
|---|---|
| WILLIE EUGENE JONES, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| THEODIS BECK, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed March 16, 2009.

In his Complaint, Plaintiff alleges that on March 16, 2006, he was attacked by inmate Jervy Hudson ("Hudson"). As a result of the attack, Plaintiff was taken to the hospital and received six stitches in his lip area.[1] Plaintiff alleges in his Complaint that the inmate who attacked him was mentally disturbed and had a prior history of random unprovoked violent assaults on inmates. (Compl. Statement of Claim p. 2.) Plaintiff asserts that the inmate regularly claimed to hear voices telling him to harm other inmates and staff. (Id.) Plaintiff contends that Hudson should have been

---

[1] Plaintiff's injury is arguably de minimus. See Taylor, 155 F.3d at 483-86 (plaintiff's claim failed as a matter of law despite allegations that police hit him in the back, punched his ribs, placed knee in lower part of his back, while grabbing his head and pulling it backward until his back popped and shoved a wooden object into his nose with such force that his nose hemorrhaged where his medical records showed Plaintiff was only treated for abrasions on his wrists and ankles, slight swelling in jaw area, tenderness in some ribs and some excoriation of mouth and therefore did not substantiate plaintiff's claims of injury); Riley, 115 F.3d at 1167-68 (plaintiff's claim failed as a matter of law despite allegations that he suffered pain from cuffs, pain and welt from slap, fear for life and safety as well as nightmares and depression).

housed in the mental health unit and that Defendants were negligent for not taking such action. (Id.) Plaintiff further asserts that the staff tried to cover up the incident by stating that he had walked into a steel stairwell.[2] (Id. at 3.) Plaintiff seeks two-hundred thousand dollars from each Defendant. In addition, he asks that all of the Defendants be dismissed from the North Carolina Department of Correction's employment.

Supervisory liability under § 1983 may not be predicated only on the theory of respondeat superior. See Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977). Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982). Plaintiff does not allege any personal conduct by Theodis Beck, the Secretary of Prisons; Mr. Weisner, the Superintendent of Alexander Correctional Institution; or Mr. Whitener, the Assistant Superintendent of Alexander Correctional Institution with regard to the incidents that form the basis of his Complaint. In fact, Plaintiff does not connect these individuals in any way to the incidents that form the basis of his Complaint. Consequently, Plaintiff fails to state a claim against Defendants Beck, Weisner, and Whitener, and they are dismissed from this case.

A review of Plaintiff's Complaint also reveals that he does not link any of his claims to actions by defendants Caraway or Crisp. Indeed, despite the form complaint's specific direction to "[d]escribe how each defendant is involved," Plaintiff fails to even mention either of these named

---

[2] Although Plaintiff asserts that staff tried to cover up the reason for his injury, the documents submitted by Plaintiff himself do not support his assertion. That is, the hospital records accurately reflect that Plaintiff received his injury at the hands of another inmate. Likewise, the grievance responses do not refute that version of events. Finally, the witness statements attached by Plaintiff indicate that an investigation was initiated that same day regarding Hudson's attack on Plaintiff.

defendants in the text of his Complaint. Consequently, Plaintiff fails to state a claim against Defendants Caraway and Crisp and they are dismissed from this case as well.[3]

With regard to the remaining two Defendants, Plaintiff, again, does not mention them anywhere in the body of his Complaint. A review of the grievances Plaintiff attaches to his Complaint contains a single reference to these two Defendants.[4] More specifically, Plaintiff alleges that two correctional officers reported to Defendant Riggs, a sergeant at Alexander Correctional Institution, and to Defendant Pinnix, a unit manager, that Hudson, the inmate who assaulted Plaintiff, had been hearing voices from the television telling him to harm other inmates and staff. (Compl., Grievance, p. 2.)

The Eighth Amendment prohibition against cruel and unusual punishment imposes upon correctional officers the obligation to protect inmates from harm from other inmates. To succeed on a failure to protect claim a plaintiff must show that defendants had knowledge of a substantial or pervasive risk of serious harm and acted with deliberate indifference to a plaintiff's safety by failing to correct the situation. See Farmer v. Brennan, 511 U.S. 825 (1994). Not every injury suffered by an inmate at the hands of other inmates, however, translates into constitutional liability for the prison officials responsible for the victim's safety. Id. at 835. To establish deliberate indifference, a plaintiff must establish that a defendant knew that an inmate faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable actions to abate it. Id. at 847. Moreover, a

---

[3] These Defendants would also be dismissed for the same reasons set forth for the dismissal of Defendants Riggs and Pinnix.

[4] While the Court does not find that the contents of a grievance should by itself support a claim, out of an abundance of caution, this Court will treat Plaintiff's allegations against Defendants Riggs and Pinnix as if they were in the text of the Complaint.

prison official with actual knowledge of a substantial risk of harm to an inmate may still be found "free from liability if [he] responded reasonably to the risk, even if the harm ultimately was not averted." Id. at 842-56. The Eighth Amendment is not violated by the negligent failure to protect inmates from violence. See Whitley v. Abers, 475 U.S. 312 (1986).

Based upon Plaintiff's own version of the events, this Court concludes that, at most, Plaintiff's allegations establish that Defendants were negligent. Indeed, Plaintiff himself refers to Defendants' "negligence" as the reason for his injury on at least three occasions. That is, Plaintiff, referring to the failure to place Hudson in the mental health unit, states that "this neglect and act alone was a violation" of prison policy. (Compl., Statement of Claim, p.2.) In addition, Plaintiff, when referring to a facility's responsibility to remove dangerous inmates from the general population, states that "the fact alone that the N.C. DOC tryed [sic] to cover up their negligence, falsify the cause of my injury and failed to protect me was a violation" of his constitutional rights. (Id. p.3.) Finally, Plaintiff states at the end of his Complaint that he wants the Defendants dismissed from their employment "so that the same mistake and neglect never happens again." (Compl. Relief.)

In addition to Plaintiff's own characterization of the Defendants' actions as negligent, the facts alleged by Plaintiff also support a conclusion that Plaintiff has not established the subjective component of his claim and that his allegations amount at most to a claim of negligence. Interestingly, Plaintiff never states that he, or other inmates, feared this inmate prior to his attack on Plaintiff. Such an omission supports a conclusion that it was reasonable for the Defendants to also not fear for inmates safety. In addition, assuming that Plaintiff's assertion that Hudson is mentally ill is accurate, that fact alone does not support a conclusion that the Defendants were deliberately

4

indifferent to Plaintiff's safety. First, Plaintiff does not allege that these two Defendants knew of Hudson's mental history. Moreover, the Court also notes that, unfortunately, it has been this Court's experience that it is not unusual for inmates to suffer from some form of mental illness. Significantly, while Plaintiff's assertion that Hudson had a history of unprovoked violent assaults gave this Court pause, a review of his infraction history[5] reveals that prior to his attack on Plaintiff, Hudson had assaulted another inmate on only two prior occasions over a greater than two year period. Such a record does not automatically establish Hudson as a violent inmate. Finally, the Court notes that in response to Hudson's attack on Plaintiff, Plaintiff alleges that Hudson was placed on intensive control. As such, it appears that as Hudson's behavior issues became better known, appropriate action was taken to prevent future incidents.

While the harm allegedly suffered by Plaintiff at the hands of Hudson is unfortunate, the facts as alleged by Plaintiff himself are simply insufficient to support a finding that Defendants had knowledge of a substantial or pervasive risk of serious harm and acted with deliberate indifference to Plaintiff's safety by failing to correct the situation. See Emile v. Sci-Pittsburgh, No. 2:04cv974, 2008 WL 4190782 (W.D. Pa. Sept. 10, 2008)(plaintiff failed to make out a claim under the failure to protect against a general threat of harm). At most, it could be argued that Defendants were negligent.

---

[5] The source of the Court's information is the North Carolina Department of Correction website. See www.doc.state.nc.us/dop/.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Complaint is **DISMISSED**.

Signed: April 3, 2009

Graham C. Mullen
United States District Judge